NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADETAYO AGBOKE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1975

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-18-0106-W-1.

---

Decided:  July 14, 2025

---

ADETAYO AGBOKE, Long Beach, CA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, LINN and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Adetayo Agboke ("Agboke") appeals the final decision of the Merit System Protection Board ("Board"), dismissing his individual right of action ("IRA") appeal for a lack of jurisdiction. *See Agboke v. Dep't of Just.*, No. SF-1221-18-0106-W-1, 2024 WL 1674424, at *1 (M.S.P.B. April 17, 2024) ("*Final Order*"). For the following reasons, we *affirm*.

## BACKGROUND

Agboke worked as an auditor with the U.S. Trustees Program within the U.S. Department of Justice ("agency"). Agboke filed an IRA appeal, alleging that the agency took several actions against him in retaliation for his protected activity. The administrative judge issued an Order on Jurisdiction, providing Agboke with an opportunity to demonstrate that the Board had jurisdiction over his appeal. The agency subsequently filed a motion to dismiss for lack of jurisdiction; Agboke responded by submitting evidence of four complaints he filed with the Office of Special Counsel ("OSC").

In his first complaint (MA-17-2480), Agboke alleged that his supervisor, Jill Sturtevant, engaged in abusive and discriminatory behavior in retaliation for his filing of a grievance indicating that she included false information in his 2015–16 performance assessment review. *Final Order*, 2024 WL 1674424, at *1.

In his second and third complaints (MA-17-5458 and MA-17-5869), Agboke alleged that the agency proposed to suspend him for seven days in retaliation for filing an equal opportunity complaint and grievances regarding his performance assessment review and a February 22, 2017 reprimand letter. *See id.* at *1–2.

In his fourth complaint (MA-18-1924), Agboke raised new claims of whistleblowing reprisal, alleging that the agency denied him access to his office and placed him on indefinite telework in retaliation for disclosing that the

agency's trial attorneys improperly closed a case despite evidence of bankruptcy fraud. *Id.* at *2.

The administrative judge concluded that Agboke did not timely appeal his first complaint from the adverse decision by the special counsel and, therefore, dismissed Agboke's contentions in that complaint for lack of jurisdiction. The administrative judge next held that Agboke's second and third complaints failed to allege a non-frivolous protected disclosure. As to the fourth complaint, the administrative judge concluded that Agboke failed to exhaust proceedings before the agency and dismissed Agboke's appeal for lack of jurisdiction.

The full Board modified the initial decision to reflect that Agboke's first complaint should have been dismissed as untimely, rather than for lack of jurisdiction. *Id.* at *1, 4. But the Board otherwise affirmed the administrative judge's decision and denied Agboke's petition for review. *Id.* at *1.

Agboke appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

This Court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*, and we review the Board's underlying factual findings for substantial evidence." *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017) (internal citations omitted).

The Board has jurisdiction over an IRA appeal "if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## II

### A

Agboke argues that the administrative judge erred in considering his reprimand letter because it was not properly in the record, the content of the letter was untrue, and the administrative judge's consideration of the reprimand letter amounted to an *ex parte* communication.

The administrative judge considered the reprimand letter in the context of assessing Agboke's arguments that the agency proposed that he be suspended for seven days in retaliation for protected disclosures he made in his grievances. *See* Supp. App'x 34–35.[1] Specifically, the administrative judge noted that Agboke refers to two grievances: the first contesting his performance assessment review and the second contesting the reprimand letter. *Id.* at 34. The administrative judge concluded that Agboke's second grievance could be construed as disclosing a violation of Title VII but that such disclosures do not support IRA jurisdiction. *Id.* at 35. Thus, the admission of the reprimand letter was at best harmless error.

---

[1] "Supp. App'x" refers to the supplemental appendix, Dkt. No. 21, that the respondent filed along with its informal brief.

B

Agboke contends that the administrative judge abused her discretion by allowing the agency to untimely respond to the Order on Jurisdiction. Agboke argues that the agency filed a portion of its response to the order on January 9, 2018 (a day after the January 8, 2018 due date) and that the administrative judge accepted this late filing in violation of the rules.

Evidentiary issues are committed to the sound discretion of the Board. *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). It is generally not an abuse of discretion for adjudicators to disregard harmless errors. Agboke does not explain why the agency's one-day delay in filing the second part of its response to the Jurisdiction Order prejudiced him. Accordingly, Agboke has failed to show that the administrative judge abused her discretion by admitting the agency's late filing.

C

Agboke argues that the administrative judge erred in holding that she lacked jurisdiction. Specifically, Agboke contends that IRA jurisdiction exists because he made non-frivolous protected disclosures that DOJ "trial attorneys" violated the law by: forcing him to sign false statements; closing cases even though he produced evidence of bankruptcy fraud; and making racist remarks in the workplace.

We affirm the Board's holding that Agboke failed to establish IRA jurisdiction. First, Agboke's complaints do not expressly allege that he disclosed that he was forced to sign false statements. On appeal he does not point to any specific false statements he was forced to sign. To the extent that Agboke refers to his contention in his second and third complaints that his performance assessment review contained false statements, we affirm the Board's holding that Agboke's allegations do not non-frivolously allege protected disclosures. The Board construed Agboke as alleging an

abuse of authority. *Final Order*, 2024 WL 1674424, at \*5. The Board has interpreted an abuse of authority as "an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." *Wheeler v. Dep't of Veterans Affs.*, 88 M.S.P.R. 236, 241 (2001) (internal quotation marks omitted). Here, with respect to Agboke's allegations that he disclosed that the agency relied on false statements, the Board concluded that he "failed to allege facts that, if proven, would show that a reasonable person would find that [his supervisor's] actions evidenced such an arbitrary or capricious exercise of power." *Final Order*, 2024 WL 1674424, at \*5. Agboke's grievance reflected that he disagreed with the bases for his successful rating and believed that he should have received an outstanding rating. As the administrative judge reasonably concluded, however, Agboke's "disagreement[s] with his supervisor's appraisal of his performance . . . are nothing more than perceptual disagreements about internal workplace rules, not protected disclosures." Supp. App'x 33. Accordingly, we agree with the Board that Agboke's allegations, even when taken as true, do not reasonably evince the arbitrary or capricious exercise of power required to prove an abuse of authority.

Second, as to Agboke's contention that he reasonably believed that his disclosure of the trial attorneys' closure of cases involving bankruptcy fraud constituted a violation of law, Agboke first made that allegation in his fourth complaint. *See Final Order*, 2024 WL 1674424, at \*2 (noting that Agboke's fourth complaint "raised new claims of whistleblowing reprisal," including that "he disclosed to the [trustee] that a trial attorney in [the agency] improperly closed a case despite evidence of bankruptcy fraud"). But Agboke argued to the Board (and continues to argue to this Court) that his appeal does not encompass his fourth complaint. Thus, Agboke has waived this argument. Even if

we excused the waiver, Agboke does not dispute the administrative judge's conclusion that the Board lacked jurisdiction over his fourth complaint as he failed to exhaust proceedings before the agency.

Third, with respect to Agboke's allegations that he disclosed that his supervisor made racist remarks, allegations of discrimination under Title VII fall under the jurisdiction of the Equal Employment Opportunity Commission, not the Board. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 692 (Fed. Cir. 1992); *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) ("Allegations of retaliation for exercising a Title VII right, however, do not fall within the scope of section 2302(b)(8) of the Whistleblower Protection Act and are therefore not proper subjects for inclusion in an IRA appeal on that ground.").

Consequently, we identify no error in the Board's dismissal of his complaints for lack of jurisdiction.

## D

Agboke argues the Board failed to consider the fact that the agency retaliated against him by denying his request to present the Young Government Leaders award. But the Board concluded that it lacked jurisdiction over Agboke's IRA appeal because he did not make a non-frivolous protected disclosure. Thus, even if correct, Agboke's argument fails to show reversible error.

## CONCLUSION

We have considered Agboke's other arguments but find them unpersuasive. For the foregoing reasons, the decision of the Board is *affirmed*.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.